IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:96-CR-297 |
| | : | Civ. No. 1:16-CV-1289 |
| v. | : | |
| | : | |
| FRANKIE THOMAS | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Before the court is Defendant Frankie Thomas's ("Defendant") motion to correct sentence under 28 U.S.C. § 2255 and supplemental motion, based on *Johnson v. United States*, 135 S. Ct. 2251 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019). (Docs. 168, 178). For the reasons set forth below, the motions will be denied.

**I.     BACKGROUND**

On November 19, 1996, a grand jury indicted Defendant on the following charges relating to a robbery that occurred at the Chambersburg Trust Bank in Chambersburg, Pennsylvania on November 8, 1996: (1) armed bank robbery by force, violence and intimidation, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2 ("Count 1"); and using and carrying a firearm during and in relation to a crime of violence (bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d)), and aiding and abetting the same, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2 ("Count 3"). (Doc. 1). Defendant proceeded to trial, and a jury found him guilty of both counts on March 4, 1997. (Doc. 35). The Court subsequently sentenced Defendant to an aggregate term of 322 months of

1

imprisonment and 5 years of supervised release. (Doc. 56). Specifically, Defendant's sentence consisted of 262 months' imprisonment with respect to Count 1, and 60 months' imprisonment with respect to Count 3. (*Id.*)

On June 24, 2016, Defendant filed a counseled motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 based on the Supreme Court's ruling in *Johnson v. United States,* 576 U.S. 591. (Doc. 168). The Court then stayed proceedings pending certification from the Third Circuit for Defendant to file a second or successive motion under 28 U.S.C. § 2255(h). (Docs. 169, 173). On August 27, 2019, following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Third Circuit authorized Defendant's second or successive Section 2255 motion. (Doc. 174). Defendant then filed a counseled supplemental motion to vacate under Section 2255 on May 21, 2020. (Doc. 178).

On September 11, 2020, the Government filed a brief in opposition to Defendant's Section 2255 motion. (Doc. 181). Defendant then filed a reply on September 24, 2020. (Doc. 182). Having been fully briefed, Defendant's motions are now ripe for review.

## II.     **JURISDICTION**

As Defendant brings his motion under 28 U.S.C. § 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

The court also has jurisdiction pursuant to 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

### III.  STANDARD OF REVIEW

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.  28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essig*, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice."

3

*United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *See* 28 U.S.C. § 2255(b). Generally, the petitioner carries the burden of proof in Section 2255 proceedings. *United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

## IV.   DISCUSSION

In his Section 2255 petition and supplemental motion, Defendant seeks to vacate his conviction and consecutive mandatory minimum sentence under 18 U.S.C. § 924(c). (Docs. 168, 178). Under Section 924(c)(1)(A), enhanced punishments apply for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence." The length of the mandatory minimum sentence depends on whether the defendant uses, carries, or possesses the firearm (5 years); brandishes the firearm (7 years); or discharges the firearm (10 years). 18 U.S.C. § 924(c)(1)(A)(i)-(iii). The law further defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or; (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C.

§ 924(c)(3). "These clauses are known as the 'elements clause' and the 'residual clause,' respectively." *United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016).

Defendant argues that his conviction as to Count 3 cannot rest on the residual clause of Section 924(c)(3)(B). (Doc. 168, at 4-7). Defendant relies on *Johnson v. United States* in support of his position, which examined the definition of "violent felony" under the Armed Career Criminal Act (ACCA) and found its residual clause to be unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015).[1] Defendant also claims that he did not commit a predicate crime of violence under the elements clause of Section 924(c). (Doc. 168, at 9-15). As the ACCA's residual clause is substantially similar to that under 18 U.S.C. § 924(c)(3)(B), and the elements clause does not

---

[1] Defendant additionally challenges his "career offender" designation based on *Johnson v. United States*, 576 U.S. 591 (2015). (Doc. 168, at 7-22). Pursuant to Section 4B1.1 of the United States Sentencing Guidelines ("USSG"), a defendant is subject to enhanced penalties as a career offender if, in relevant part, "the defendant has at least two prior felony convictions of [] a crime of violence . . . ." At the time Defendant was sentenced, the USSG defined a "crime of violence" as "an offense . . . punishable by imprisonment for a term exceeding one year" that (1) "has an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary of a dwelling, arson, [] extortion, [or] involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (commonly referred to as the "residual clause"). U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(1)(i)-(ii) (U.S. SENTENCING COMM'N 1995).
    In his Section 2255 motion, Defendant claims that the holding in *Johnson* applies to the USSG; specifically, that the residual clause previously found at Section 4B1.2 is void for vagueness under the Due Process Clause. (Doc. 168, at 7-22). During the pendency of the Defendant's motion, however, the Supreme Court held that the residual clause is not unconstitutionally vague because the USSG is not subject to due process challenges. *See Beckles v. United States*, 137 S. Ct. 886, 897 (2017). Accordingly, as *Beckles* forecloses the Defendant's *Johnson* argument, the Court will not consider whether Defendant qualifies as a career offender for the purposes of the USSG. !

5

otherwise apply, Defendant asserts that his conviction and consecutive sentence as to Count 3 should be vacated. (*Id.* at 12-15).

On June 24, 2019, the Supreme Court extended its holding in *Johnson* to the residual clause of Section 924(c)(3)(B). *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Relying on *Davis*, Defendant argues in his supplemental motion that the residual clause is unconstitutionally vague and cannot support his Section 924(c) conviction. (Doc. 178, at 13-14). Defendant also concedes that bank robbery now constitutes a crime of violence under the elements clause enumerated at Section 924(c)(3)(A).[2] (Doc. 178, at 7). However, pursuant to the categorical approach,[3]

---

[2] Since Defendant filed his Section 2255 motion, the Third Circuit has determined that armed bank robbery under 18 U.S.C. § 2331(a) and unarmed bank robbery under § 2331(d) constitute crimes of violence under Section 924(c)'s elements clause. *See United States v. Johnson*, 899 F.3d 191, 202-04 (3d Cir. 2018) (citing *United States v. Wilson*, 880 F.3d 80, 84-85 (3d Cir. 2018)). Additionally, while *Davis* invalidated the residual clause of Section 924(c), its holding did not disturb the elements clause of Section 924(c)(3)(A). *See United States v. Kennedy*, No. CV 19-1591, 2019 WL 4316867, at *1 (3d Cir. Sept. 9, 2019) (noting that Section 924(c)'s elements clause "survives *Davis*."). Accordingly, at issue in Defendant's Section 2255 motion is whether a predicate crime of violence under the elements clause supports his Section 924(c) conviction.

[3] Defendant maintains that, following *Davis*, courts use the categorical approach to determine whether an offense constitutes a crime of violence under the elements clause of Section 924(c). (Doc. 178, at 4-5). Under the categorical approach, courts "compare the elements of the statute under which the defendant was convicted to the [§ 924(c)] definition of 'crime of violence.'" *United States v. Johnson*, 899 F.3d 191, 203 (3d Cir. 2018) (citing *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018)). In making this determination, courts must "look only to the statutory definitions—i.e., the elements—of a defendant's . . . offense, and not to the particular facts underlying the conviction." *United States v. Lewis*, 720 F. App'x 111, 114 (3d Cir. 2018), *cert. denied*, 138 S. Ct. 2013 (2018) (quoting *United States v. Chapman*, 866 F.3d 129, 134 (3d Cir. 2017)). "A crime is only a 'crime of violence' if 'the least culpable conduct hypothetically necessary to sustain a conviction under the statute' meets the definition." *Id.* (citing *Wilson*, 880 F.3d at 84).

6

Defendant submits that his Section 924(c) conviction still does not rest on a crime of violence under the elements clause. (*Id.* at 4-7).

According to Defendant, his qualifying offense under Section 924(c) cannot be identified because both the transcript of the jury instructions and the jury slip are unavailable. (*Id.* at 6). Defendant thus asserts that, upon employing the categorical approach, the Court should assume his Section 924(c) conviction hinged on the least culpable act; aiding and abetting bank robbery. (*Id.* at 6-7). Defendant then argues that, since aiding and abetting bank robbery does not categorically qualify as a crime of violence under the elements clause of Section 924(c), his conviction as to Count 3 must be vacated. (*Id.* at 7-9).

In response, the Government notes that the Judgment entered on July 30, 1997 demonstrates that Defendant was convicted of armed bank robbery and using and carrying a firearm in relation to a crime of violence. (Doc. 56, at 1; Doc. 181, at 6 n.1). Contrary to what Defendant suggests, and notwithstanding the unavailability of the jury instructions and the jury slip, the Government asserts that the Judgment does not indicate that the jury found him guilty of armed robbery under an aiding and abetting theory of liability. (*Id.*) The Government then argues that, even though the Third Circuit has yet to address the issue in a precedential opinion, several courts have determined that aiding and abetting armed bank robbery qualifies as a predicate

7

crime of violence under the elements clause of Section 924(c). (*Id.* at 7-9). The Government thus submits that the Court should reach a similar conclusion here. (*Id.*)

In support of its argument, the Government points to the Third Circuit's explanation of aiding and abetting liability in *United States v. McKelvey*, 773 F. App'x 74 (3d Cir. 2019) (non-precedential). Upon considering whether aiding and abetting Hobbs Act robbery was a crime of violence, the *McKelvey* court found that it did not matter whether the defendant "was convicted as a principal or as an aider or abettor to Hobbs Act robbery[4] because, under the aiding and abetting statute, a person who aids, abets, [or] counsels the commission of a federal offense is punishable as a principal." 773 F. App'x at 75. In his reply brief, the Defendant appears to argue that the reasoning in *McKelvey* has since been called in to question following *Davis*. (Doc. 182, at 1 n.1). However, as noted by another court within this district, "*McKelvey* is in accord with the robust consensus of other circuit courts to address the issue." *United States v. Green*, No. 1:12-CR-9, 2020 WL 3263629, at *4 (M.D. Pa. June 17, 2020) (collecting cases).

Upon review of the parties' submissions, the Court agrees with the Government. With respect to Count 3, the language of the Judgment shows that

---

[4]The Court recognizes that Defendant was neither charged with nor convicted of Hobbs Act robbery. However, cases such as *McKelvey*, which interpret aiding and abetting liability in the context of Hobbs Act robbery, are persuasive to the Court in the context of aiding and abetting armed robbery. *See Dupree v. United States*, No. 1:08-CR-00170, 2020 WL 1984317, at *6 (M.D. Pa. Apr. 27, 2020) (citing *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016)).

8

Defendant's armed bank robbery conviction at Count 1 supports his Section 924(c) conviction. (Doc. 56). As the Third Circuit has unequivocally held, this offense constitutes a predicate crime of violence under Section 924(c)'s elements clause. *See United States v. Johnson*, 899 F.3d 191, 203-04 (3d Cir. 2018); *see also United States v. Elmore*, No. 1:11-CR-361, 2019 WL 1437883, at *3 (M.D. Pa. Apr. 1, 2019) (declining to vacate defendant's Section 924(c) conviction when, "in the Third Circuit, bank robbery in its least culpable form (Section 2113(a)) and armed bank robbery (Section 2113(d)) are both crimes of violence under the elements clause of Section 924(c)(3).").

Further, even if the Defendant's 924(c) conviction rested on aiding and abetting armed bank robbery, the argument that this does not qualify as a crime of violence is still unavailing to the Court. *See e.g., McKelvey*, 773 F. App'x at 75; *Green*, 2020 WL 3263629, at *5 ("Whether [defendant] was convicted as an aider and abettor or as the principal is of no moment: either way, he is treated as having personally committed the substantive offense of armed bank robbery."); *Dupree v. United States*, No. 1:08-CR-00170, 2020 WL 1984317, at *6 (M.D. Pa. Apr. 27, 2020) ("Even if the Court assumes, as Petitioner urges it to do, that the relevant 924(c) predicate offense is aiding and abetting armed bank robbery, the Court is unpersuaded by Petitioner's argument that aiding and abetting armed bank robbery is not a crime of violence for purposes of Section 924(c)."). Accordingly, without

Third Circuit guidance to the contrary, the Court finds that the predicate crime of aiding and abetting bank robbery would also be sufficient to sustain Defendant's Section 924(c) conviction under the elements clause.

In conclusion, as armed bank robbery (or aiding and abetting thereof) is a crime of violence under Section 924(c)(3)(A), Count 1 constitutes a predicate conviction under Section 924(c). Therefore, notwithstanding the Supreme Court's decision in *Johnson* and *Davis*, Defendant's conviction and consecutive mandatory minimum sentence under Section 924(c) are proper. For these reasons, the Court will deny Defendant's Section 2255 motion.

## V. CONCLUSION

For the reasons set forth above, the Court will deny the Defendant's motion to vacate under 28 U.S.C. § 2255 and related supplemental motion. (Docs. 168, 178). The Court will also decline to issue a certificate of appealability, as Defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.G. § 2253(c)(2). An appropriate order shall follow.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: November 18, 2020